FILED
SUPERIOR COURT
OF GUAM

2019 FEB -1 PM 4: 07

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| FRANKIE UKAU and SOFALIN SINUK, <br><br> PLAINTIFFS, <br><br> vs. <br><br> FUSHENG WANG, WEI PING WANG, FUSHENG CONSTRUCTION COMPANY, BRUCE KAROLLE, JENNIE WANG, and ENTITY CONSTRUCTION, INC., <br><br> DEFENDANTS. | CIVIL CASE NO.: CV0687-14 <br><br> DECISION AND ORDER <br> (Motion for Order Directing Defendant Entity Construction, Inc. to Obtain Counsel or Be Declared in Default) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 24, 2019, for a hearing on Frankie Ukau's and Sofalin Sinuk's ("Plaintiffs") Motion for Order Directing Defendant Entity Construction, Inc. to Obtain Counsel or Be Declared in Default. The Plaintiffs appeared with counsel, Attorney Robert L. Keogh. Attorney Delia S. Lujan Wolff appeared on behalf of the Defendants Fusheng Wang, Wei Ping Wang, and Fusheng Construction Company. Attorney Curtis Van de Veld appeared on behalf of Defendant Bruce Karolle. Upon review of the written and oral arguments and legal authorities, the Court hereby orders Defendant Entity Construction, Inc. to obtain counsel within sixty (60) days or be declared in default.

ORIGINAL

# BACKGROUND

This matter stems from a civil suit filed by the Plaintiffs against Defendants Jennie Wang ("Jenny Wang") and Entity Construction, Inc. ("Entity") in the District Court of Guam. First Amended Compl. at 4 (Aug. 31, 2016). On June 26, 2014, the District Court of Guam issued its Findings of Fact and Conclusions of Law and awarded compensatory damages to the Plaintiffs in the amount of $6,526,321.33, plus attorney's fees.

On June 27, 2014, Plaintiffs filed their Complaint to Set Aside Fraudulent Conveyances of Real Properties with the Superior Court of Guam, alleging that Entity conveyed real property to Defendants Fusheng Wang, Wei Ping Wang, and Fusheng Construction with the intent to defraud and obstruct Plaintiffs from claiming the properties pursuant to the judgment of the District Court of Guam. Compl. (June 27, 2014).

On January 18, 2017, Jennie Wang, through the law offices of Thompson, Thompson, & Alcantara, P.C., ("Thompson Firm") filed a Notice of Discharge in this case discharging "the Thompson Firm from any further representation of Entity in said matter, effective immediately." Notice of Discharge (Jan. 18, 2017). The Notice of Discharge was signed by Jennie Wang, but was not signed by any attorney from the Thompson Firm. Id. Additionally, Jennie Wang signed a letter of resignation from Entity on October 15, 2014, over two years prior to her signing the Notice discharging the Thompson Firm on behalf of Entity. Mot. for Order, Attachment B (Dec. 10, 2018).

On March 14, 2017, the Court issued a Decision and Order dismissing Jennie Wang as a Defendant, with prejudice, due to her being granted a discharge under 11 U.S.C. § 727 in the United States Bankruptcy Court. Decision and Order 6 (Mar. 14, 2017).

# DISCUSSION

The Thompson Firm withdrew as counsel for Entity in January 2017. Since that time, no other firm has filed an entry of appearance on behalf of Entity. A corporation or other fictional entity cannot appear in court unless it is represented by counsel. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-202 (1993). The appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary Memon v. Allied

CV0687-14 Frankie Ukau et al. v. Fusheng Wang et al.
DECISION AND ORDER (Motion for Order to Obtain Counsel)

Page 2 of 3

<u>Domecq QSR</u>, 385 F.3d 871, 873 (5th Cir. 2004). It is appropriate for a court to enter default judgment where, contrary to a court order, a corporation refuses to appear through an attorney. <u>Eagle Assocs. v. Bank of Montreal</u>, 926 F.2d 1305, 1310 (2d Cir. 1991). Entity has been without an attorney for the past two years of litigation, and this Court's responsibility to manage its docket requires that litigation proceed. The Court therefore orders Entity to retain counsel or face default.

<u>CONCLUSION</u>

The Court hereby **GRANTS** Plaintiffs' Motion for Order Directing Defendant Entity Construction, Inc. to Obtain Counsel or Be Declared in Default. Defendants have sixty (60) days from the entry of this Decision and Order to obtain counsel or the Court will set this matter for a hearing on default.

PURTHER PROCEEDINGS HRG.: 4/18/19 at 10:00 a.m.

**SO ORDERED** 2/1/19 .

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of: LEIGH, VAN DE VELD LUJAN, R. THOMPSON

Date: 2/1/19 Time: _____

Deputy Clerk, Superior Court of Guam